391 So.2d 587 (1980)
Hortense MERCHANT
v.
DEPARTMENT OF FINANCE.
No. 11282.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Rehearing Denied December 19, 1980.
New Orleans Legal Assistance Corp., Luz Molina and Gwendolyn F. Bole, New Orleans, for plaintiff-appellant.
Michael A. Starks, Deputy City Atty., New Orleans, for defendant-appellee.
Before CHEHARDY, BARRY and SARTAIN, JJ.
SARTAIN, Judge.
Ms. Hortense Merchant appeals a decision of the New Orleans Civil Service Commission which upheld her dismissal as a Food Stamp Worker II with the City's Department of Finance. We reverse as to dismissal and remand.
*588 One of appellant's duties was to count the cartons of food stamps in order that they might be properly accounted for. The letter of dismissal charged appellant with (1) making excessive errors in the counting of food stamps, (2) an act of insubordination by her refusal to count the stamps, and (3) threatening to harm another employee with a pair of scissors.
The evidence reflects that while the first and second charge would not have warranted dismissal, the cumulative effect of these charges when considered with the third charge, if proved, compelled appellant's termination.
With respect to the first charge, an employee is entitled to three errors. When a fourth error is detected a letter noting the same is placed in the employee's personnel file.
As to the second charge, the evidence fully supports the conclusion that appellant was insubordinate on March 14, 1979 when she was directed by Ms. Laura B. Moore, an acting supervisor, to "start counting the stamps". Her complaint is that she should not have been directed to count them alone. While she ultimately started to count the stamps she did so in an improper manner which resulted in no count at all.
The incident of March 14 prompted a staff meeting the following day. The purpose of the meeting was to discuss the episode which had occurred in the absence of the regular supervisor. It was during this meeting that appellant allegedly held up a pair of scissors in a threatening manner toward another employee (Ms. Humphrey) and said, "I will put these scissors in you".
Civil Service Commission decisions are now reviewable in the appellate courts on both law and fact. Art. 10, § 12, La. Const. (1974). The scope of review is essentially the same as in other civil matters. Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ refused, 343 So.2d 1078 (La.1977); Armant v. Housing Authority of New Orleans, 351 So.2d 1262 (La.App. 1st Cir. 1977).
However, in the instant matter the evidence was taken before a hearing examiner and the record thus compiled was filed with the Commission without comment or recommendation. For this reason the usual guidelines for appellate review, i. e., manifest error rule, as set forth in Canter v. Koehring Co., 283 So.2d 716 (La.1973), and clarified in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) are not applicable. See Subdivision Planning Engineers, Inc. v. Manor Development Corp., 290 So.2d 375 (La.App. 4th Cir. 1974). The great weight accorded conclusions and determinations made by the trier of fact under Canter and Arceneaux is based on the advantage derived from personal observation of the witnesses, their demeanor on the stand, and the manner in which they responded to examination. Here, the Commission enjoyed no such advantage. Under these circumstances the standard of review by an appellate court is not unlike that of judicial review in other administrative matters, that is, whether the conclusion reached by the Commission is arbitrary or capricious or manifestly wrong. Cf. R.S. 49:964 G(5). Under this standard, we find the conclusion reached by the Commission to be arbitrary and not supported by a preponderance of the evidence.
Initially, we point out that several statements contained in the Commission's reasons for judgment are in error. Ms. Juanita Barrow is quoted as a witness to the incident involving the scissors. The record clearly reflects that she was not present during this episode. The opinion also refers to other acts of insubordination on previous occasions and quotes the testimony of Ms. Moore as supportive of its finding. Ms. Moore's testimony clearly refers to the events of March 14 only. Ms. Clark is quoted as having previously written up appellant for insubordination and as having recommended a 30-day suspension therefor. The statement is totally out of context. There were no previous written reports of insubordination and the 30-day suspension referred to by the witness was for the act of insubordination on March 14.
*589 We turn now to the real issue in this matter, that is, whether appellant did in fact threaten a co-employee with a pair of scissors.
The letter of dismissal, in pertinent part, charges:
"On March 15, 1979, in an office staff meeting you became highly excited to the state of threatening one of your fellow workers with a pair of scissors. We feel that this type of activity on your part is completely against the code of conduct of this department. We cannot and will not tolerate anyone who works for this department threatening anyone else, either fellow employee or citizen regardless of whatever provocation may have been made."
Four persons attended the staff meeting: appellant; Ms. Higgins, a monitor from the Department; Ms. Moore, appellant's immediate supervisor; and the alleged victim, Ms. Humphrey.
Following a general discussion among those present concerning the counting of food stamps it was then suggested that if anyone had anything else on their mind this was a good time to bring it up. Ms. Humphrey, although at first hesitant, then commenced to discuss a complaint she had relative to appellant. As she got further into the discussion she totally lost her composure, arose from her seat, began cursing appellant, and moved towards appellant. She became so violent and hysterical that she had to be physically restrained, forcefully removed to an adjoining room, and the door closed. When efforts to calm her down were somewhat successful, she was taken to her family physician.
Appellant, who was seated at her desk, arose as Ms. Humphrey approached her and picked up a pair of scissors from a box on her desk. She stated that she was afraid that Ms. Humphrey was going to strike her. She denies making the alleged statement, "I'll put these scissors in you", although she did make a statement to the effect that if Ms. Humphrey struck her "she wouldn't hit anybody else."
The only person to hear the alleged threat, "I'll put these scissors in you" was Ms. Higgins. Neither Ms. Moore, Ms. Clark nor even Ms. Humphrey heard the threat. We are completely convinced that the actions of appellant in standing and even in picking up the scissors were instantaneous responses of self defense to the threats of a totally irrational and menacing individual in the person of Ms. Humphrey. For these reasons we find that the appointing authority has failed in its burden of proving the charge as stated above and the Commission erred in so holding.
The decision of the Commission in this respect is reversed and set aside and this matter is remanded to the Commission for a reconsideration of the sanction to be imposed on the remaining two charges.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.