BOUTALL, Judge.
This appeal concerns a judgment of the City of New Orleans Civil Service Commission sustaining an exception of no right or cause of action thereby denying the applicant an appeal from a decision of the Department of Civil Service of the City of New Orleans.
The Department of Civil Service of the City of New Orleans announced the opening of an employment opportunity. Ms. Catherine Lorraine Flanagan applied for this position but her application was denied on the grounds that she did not have the necessary minimum qualifications. Ms. Flanagan filed an appeal to the City Civil Service Commission for a review of the decision denying her application. In response to this appeal, the Department of Civil Service filed an exception of no right or cause of action. After the conclusion of a hearing on the exception, the Civil Service Commission sustained the exception, thereby denying Ms. Flanagan’s appeal. From this decision Ms. Flanagan has appealed to this court.
The evidence before us reveals that on Oct. 9, 1979, the Department of Civil Service of the City of New Orleans announced the opening of an employment opportunity entitled Program Coordinator for the Office of Manpower and Economic Development. In order to apply for this position certain minimum qualifications were necessary. They included: (1) a Master’s degree in human resources or manpower planning; (2) one year of professional experience in manpower planning; (3) two years addi *959 tional experience may be substituted for the Master’s degree. Ms. Flanagan applied for this position. Her qualifications consisted of: (1) a Master’s degree in mathematics; (2) 7 months of experience while serving on the planning staff of the office of manpower and economic devélopment and (3) employment for 5 years with the urban league. On October 19, 1979, Ms. Flanagan received notice from the Dept, of Civil Service that her application had been denied because she did not meet the minimum qualifications.
On appeal the issue before us is whether the City Civil Service Commission committed an error in sustaining the exception of no right or cause of action based on a finding that the rules governing the commission do not provide Ms. Flanagan with an appeal.
The La. Constitution Art. 10 § 12 provides that the decisions of the City Civil Service Commission are reviewable on appeal to this Court on both law and fact. The scope of review is the same as that accorded appeals from the trial court. Armant v. Housing Authority of N.O., 351 So.2d 1262 (1st Cir. 1977). The general rule is that administrative boards such as the City Civil Service Commission have reasonable discretion and their decisions will not be set aside in the absence of proof of an abuse of such discretion. Toye Bros. Yellow Cab Co. v. City of New Orleans, 264 So.2d 768 (4th Cir. 1972); Cannatella v. City Civil Service Commission, 381 So.2d 1278 (4th Cir. 1980).
The City of New Orleans Civil Service Rules provide the grounds for an appeal to the City Civil Service Commission. Rule 4.1(6) states:
“Persons who shall have applied for or shall have been examined for the classified service and shall not have established their status as permanent classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certification, or regular employees in the classified service who shall have been suspended, fined, dismissed, or have suffered a reduction in pay or demotion shall have the right to appeal to the Commission, to test the reasonableness of such action.”
Ms. Flanagan contends that the minimum qualifications set by the Dept, of Civil Service for application for the position of program director for the Office of Manpower and Economic Development were unreasonable, arbitrary and discriminating.[1] A review of the rule governing appeals to the City Civil Service Commission discloses that an appeal is not available for such a complaint. Regarding applications for employment, the rule permits an appeal only for discrimination in the review of applications for employment. Therefore, we find that the City Civil Service Commission did not abuse its discretion in finding that Ms. Flanagan did not have a right to appeal and in thereby sustaining the exception of no right or cause of action.
AFFIRMED.

. We note that LSA-R.S. 33:2411 provides that the minimum qualifications for employment to a Civil Service position may relate to, “. .. age, sex, residence, health, habits, physical characteristics, experience, moral character, training, education, and other qualifications.” We further note that LSA-R.S. 33:2412 provides that the director of the Department of Civil Service may, “.. .. reject the application of any person for admission to tests of fitness or refuse to test any applicant, .. . who is found to lack any of the qualifications prescribed as requirements for admission to the tests for the class for which he has applied ...” Also see: Rule V § 2.4 and 2.6 of the City Civil Service Rules for similar regulations.
Ms. Flanagan argues in her brief that there was discrimination in review of her application for employment. Under the rules for exception of no cause of action, we are bound by the allegations in the petition. In this case, no such allegation was made in the petition on appeal. The only contention was that the minimum qualifications were discriminatory.