KLEES, Judge.
Appellant, James Picton, was terminated as a plumbing inspector for the New Orleans Sewerage and Water Board. He was notified by letter from the appointing authority stating that his dismissal was based upon his “entire work record”. This record included allegations that Mr. Picton issued “false and improper” inspection reports. A Hearing Examiner recommended termination which was affirmed by the Civil Service Commission of New Orleans.
Mr. Picton appealed the decision of the Commission to this court, Picton v. Sewerage and Water Board, 385 So.2d 1259 (La. App. 4th Cir.1980), cert, denied 393 So.2d 742 (La.1980), which vacated the original decree and remanded the case to the Civil Service Commission for an evidentiary hearing to determine if Mr. Picton received written notice of his right to reply to his dismissal in accord with the rules of the Civil Service Commission. This court also remanded to allow Mr. Picton “to present evidence, if there be any, to prove impure motives or discrimination as the basis for his dismissal.”
On remand the Civil Service Commission reinstated its former decision and affirmed the dismissal of the appellant. Mr. Picton, in proper person, now appeals the latest decision of the Commission contending that the appointing authority had insufficient cause to dismiss him.
Civil Service Commission decisions are reviewable in the appellate courts on both law and fact. Art. 10, § 12, La. Const. (1974). Most cases hold that the usual guideline for appellate review, i.e., the manifest error rule, applies. Gallardo v. Department of Fire, 399 So.2d 626 (La.App. 4th Cir.1981). Flanagan v. Department of Civil Service of the City of New Orleans, 391 So.2d 958 (La.App. 4th Cir.1980). This was clearly the standard prior to the use of a Referee (Hearing Examiner) to conduct the hearing. The scope of appellate review was determined to be the same as in other civil matters. Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ refused 343 So.2d 1078 (La.1977).
Two recent cases have held that the manifest error rule, as set forth in Canter v. Koehring, 283 So.2d 716 (La.1973) and as clarified in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), is not applicable to Civil Service Commission proceedings before a Hearing Examiner. McGee v. Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4th Cir.1981). Merchant v. Department of Finance, 391 So.2d 587 (La.App. 4th Cir.1980). The Court in Merchant stated at p. 588:
“The great weight accorded conclusions and determinations made by the trier of fact under Canter and Arceneaux is based on the advantage derived from personal observation of the witnesses, their demeanor on the stand, and the manner in which they responded to examination. *1286 Here, the Commission enjoyed no such advantage. Under these circumstances, the standard of review by an appellate court is not unlike that of judicial review in other administrative matters, that is, whether the conclusion reached by the Commission is arbitrary or capricious or manifestly wrong."
The court then made an independent review of the record to determine whether the conclusion of the Commission was arbitrary or capricious.
Using either of the above two standards, a careful review of the record indicates that the Commission did not err in ruling that the appointing authority had sufficient cause to dismiss the appellant. Even if this court adopts the less restrictive standard of review, it cannot reverse the Commission unless the decision was arbitrary or capricious.
In the original hearing of this case, the Civil Service Commission concluded:
“As indicated by Mr. Brehm in the conclusion of the letter, he terminated Mr. Picton on the basis of ‘your entire work record’. The only evidence in the record regarding many of the allegations in the letter consist of documents which reflect the action taken by the Appointing Authority. With respect to these (except the incident of January 31,1977 involving an inspection at 928-30 Second Street, and September 14, 1977, 838 Nashville Avenue), Mr. Picton admitted to all of the ‘factual matters’ contained in these various paragraphs but maintained that he was ‘innocent’ of the ‘charges’. He, however, also admitted that he did not appeal any of these except for the matter before the Appellate Board of the Sewerage and Water Board which sustained the rating of unsatisfactory. Thus, most of this lengthy transcript was directed toward the question of the alleged falsification of inspection reports on the three above referred to addresses.
Insofar as the allegations regarding the falsification of reports are concerned, it first should be noted that the dismissal letter of September 23, 1977 did not describe with any specificity the falsification of the reports other than the date of the report and the address of the location inspected. (Footnote: Although the issue was not raised at the hearing, the Commission believes this was sufficient notice as required by law.)
Accordingly, the specific acts of falsification must be gleaned from the testimony on behalf of the Appointing Authority. This task becomes particularly difficult because of the very technical language and concepts being discussed by the witnesses, most of whom are licensed plumbers. Nevertheless, the Commission believes that the Appointing Authority had through its witnesses established the specific falsification of records sufficiently to meet its burden of proof. On the question of the job on Second Street, the City was able to prove two matters which constituted the falsification. The first, that it was clear that a four inch stack was not checked by Mr. Picton and more significantly that on this particular inspection he simply took the plumber’s word for the exceptions involved (deficiencies) as opposed to personally verifying these facts for himself. Regarding the South Prieur Street job, the City was able to prove that Mr. Picton falsified the record with regard to his report on the “clean-out box”, indicating that it was within the six inch requirement when in fact a subsequent check by Mr. Lawrence of the Department clearly established that it was at least twelve inches in the ground and could not be viewed with the naked eye. On the other hand, the City was not able to establish that there was any falsification on the Nashville Avenue site as the plumber involved sufficiently corroborated Mr. Picton’s explanation of that inspection.
Thus, viewing this entire record as a whole and considering that Mr. Picton was dismissed on the basis of his entire record, it is the Commission’s view that the City has sufficiently carried its burden of proof and has established sufficient cause for a dismissal of this employee. Accordingly, the appeal is hereby dismissed.”
*1287 We cannot agree with the portion of the conclusion reached by the Commission regarding Mr. Picton’s dismissal on the basis of his entire work record. The Appointing Authority in fact did not attempt to prove each and every derogatory incident in Mr. Picton’s work record. Without that proof, the Commission was in error to consider allegations regarding his work record. Nevertheless, as to the most recent incidents, we must agree with the Commission’s findings that the Appointing Authority had, through its witnesses, established the specific falsification of records sufficiently to meet its burden of proof. The proof of these matters is sufficient in themselves to justify Mr. Picton’s termination.
It is well settled that a pattern of conduct which is detrimental to the continued efficient operation of a public office can be grounds for dismissal. Legett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). In this case, falsification of inspection reports by the very person who is to make certain that work is to be done in the proper manner, cannot be condoned.
This case was remanded back to the Commission for a determination of two specific issues.

Notice of the Right to Appeal:

The appellant claims that his notice of termination was insufficient as it did not conform to Rule IX, Section 1.2 of the Civil Service Commission Rules. The rules, on their face, require notification of the right to appeal.
In this case, the appellant immediately appealed the decision of the Commission before the Civil Service Department was formally advised of his dismissal. Since the appellant had already lodged a valid appeal in the matter, the Commission did not send him a notice of his right to appeal. Mr. Picton was obviously aware of his right to appeal and exercised it timely. We find he was not prejudiced by the lack of notification, and note the recent Supreme Court ruling on this very rule in Sanders v. Department of Health and Human Resources, 388 So.2d 768 (La.1980), wherein the court found that the rule providing for notification to the Director was merely directory.

Affirmative Defense:

The appellant claims that he was fired from his job because he had knowledge that one of his supervisors had been taking money for favors in the course of inspections. Such an allegation could be considered an “affirmative defense”. If it is considered as such, the burden is on the appellant to establish it.
The Commission stated at page 5 of its decision:
“... there is almost no proof at all, certainly no believable proof that_ (our deletion) took anything of value from any person. More to the point of this appeal, there is absolutely no proof at all that this had anything to do with the appellant’s termination.”
This statement by the Commission is an accurate evaluation of the evidence.
The only evidence that appellant’s supervisor took anything came from one Harry Hill who testified that he had given the supervisor money for favors on different occasions. However, Mr. Hill was effectively impeached by reference to the records involving the inspections supposedly involved in the payoffs. The Commission found that Hill’s testimony was completely and wholly unworthy of belief. After reviewing Hill’s testimony we can find no error in the Commission’s findings.
For the reasons set forth above, the decision appealed from is affirmed.
AFFIRMED.