KLEES, Judge.
Plaintiff-appellant, Frank Watson, appeals from the New Orleans Civil Service Commission’s affirmance of his demotion from Groundkeeper III to Equipment Operator I by the Parkway and Park Commission (Parkway). The issues presented on appeal center on whether the appointing authority, Parkway, met its burden of proving by a preponderance of evidence that plaintiff’s improper conduct impaired the efficient and orderly operation of Parkway, thereby giving it legal cause to demote the plaintiff.
Appellant has been employed by Parkway for ten years. During this time, he *130 has been employed as an Equipment Operator I, II, and III. Watson was promoted to Groundskeeper III in October, 1981. As a Groundskeeper III, his duties included supervising crews, issuing equipment and assisting the person designated as Supervisor 11. From mid-July through December 1983, appellant was continually informed that he needed to improve his job performance. As of December 1983, Watson was also informed that if he did not improve, he would be subject to demotion. On July 2, 1984, Watson received a letter from Parkway notifying him that he had been demoted to the position of Equipment Operator I.
Parkway, in the letter, stated five allegations to justify the demotion. Watson was cited for (1) not accomplishing simple jobs as instructed; (2) poor decision-making ability; (3) an inability to properly supervise subordinates; (4) allowing subordinates to take prolonged lunch breaks; and (5) antagonizing subordinates “needlessly”. Wat-, son appealed to the Civil Service Commission (Commission) on July 23rd, 1984. A hearing was held on October 1, 1984. The Commission affirmed Parkway’s decision on January 14, 1985, and denied the appeal. In its decision, the Commission stated that “[t]he city’s case, although not the model of clarity, showed, on the entire record, that Appellant (Frank Watson) deserved the demotion.” The Commission also noted that the appointing authority failed to prove that Watson had antagonized subordinates needlessly. Plaintiff-appellant, Frank Watson, now seeks judicial review of the Commission’s decision.
The law is well settled that appellate courts have the authority to review the factual and legal conclusions of the Civil Service Commission. Article 10, Section 12, La. Const. (1974). The court may make an independant review of the record to determine whether the conclusions reached by the Commission are arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983); McGee v. Sewerage and Water Board, Etc., 396 So.2d 430 (La.App. 4th Cir.1981); Merchant v. Department of Finance, 391 So.2d 587 (La. App. 4th Cir.1980). The Louisiana Supreme Court, in Newman v. Department of Fire, stated:
Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority must demonstrate, by a preponderance of the evidence that the conduct did in fact impair the efficiency and orderly operation of the public service. La. Const, art. X, § 8; Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) (sic); Thornton v. Department of Health and Human Resources, 394 So.2d 1269 (La.App. 1st Cir. 1981); Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436 (La.App. 1st Cir.1977).
425 So.2d at 754 (1983). A preponderance of evidence means evidence which is of a greater weight or more convincing than that which is offered in opposition thereto. Thornton v. Department of Health and Human Resources, supra.
The Commission recognized that Parkway’s evidence as to the four allegations was, at times, vague and ambigious. Despite this problem the Commission found that the evidence presented by Parkway was sufficient to prove the appellant’s conduct significantly impaired the orderly operation of the Parkway and Park Commission. As in other civil matters on appellate review, deference should be given to the factual conclusions of the Civil Service Commission. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writs denied, 399 So.2d 602 (La.1981).
Our review of the hearing transcript brings three incidents to light which reflect upon the appellant’s poor decision-making ability and inability to supervise his subordinates. All three incidents occurred in 1984, and were testified to by Charles Stewart, Watson’s supervisor until July 1984. There was no denial of these incidents by the plaintiff-appellant, Frank Wat *131 son. On one occasion, Watson was spraying Round Up, a herbicide, around the trees in Behrman Park. He set the spray gun too wide for the prevalent weather conditions, and killed all the grass around the trees.
The two other incidents which occurred in 1984 specifically reflect on Watson’s poor judgment in supervising crews. Watson was charged with the responsibility of supervising the prisoner detail. Stewart testified that the work, keeping the grounds clear, was not being completed on schedule. Stewart stated, “they were moving so slow, the park was not up to par.” The other incident concerned Watson’s supervision of high school students performing summer work. Watson left the students on General De Gaulle Avenue and returned to the satellite office. When Stewart arrived on the scene, Watson was not there and the students were not working; “[t]hey were laying on the ground.” Watson’s excuse for leaving the area was that he needed to use the restroom. However, testimony indicated that a restroom was available in the area where the work was being performed.
The Commission addressed itself to one incident where Watson was charged with allowing his crew to take excessive lunch breaks. In its ruling the Commission stated, “The Commission is hard-pressed to infer managerial incompetence from this one instance. Still, if it happened once, it is bound to happen again.” We cannot accept this specific finding of the Commission. Nonetheless, we conclude that on the entire record the evidence presented by the Parkway and Park Commission was sufficient to prove that a real and substantial relationship existed between Watson’s inability to supervise employees under his control and the efficient operation of Parkway. This did not warrant however, the drastic reduction in grade imposed by the Commission.
Accordingly, it is the ruling of this court that the ruling of the Civil Service Commission demoting Frank Watson from Groundskeeper III to Equipment Operator I be amended and that Frank Watson be demoted to Groundskeeper II. In all other respects the ruling is affirmed.
AMENDED IN PART
AFFIRMED IN PART.