REID, Judge.
This is an appeal by Katie Mae Washington from a decision rendered by the Civil Service Commission of the State of Louisiana under which her dismissal as a classified employee under the Civil Service laws was upheld by the said Commission.
The facts disclose that the petitioner, Katie Mae Washington, was a classified employee of the Confederate Memorial Medical Center at Shreveport, Louisiana. In her said position she was listed as Attendant 1 under classified service. By letter dated May 25, 1961 the personnel officer of the Medical Center informed petitioner that pursuant to authority contained in Civil Service Rule 12.3 she would be separated from her position as Attendant 1 effective at the close of business on May 24, 1961. Nine specific offenses showing the cause of her dismissal were set forth in the said letter. By letter dated May 26, 1961 the petitioner filed with the Department of Civil Service of the State of Louisiana, a notice of appeal from her discharge. Subsequent thereto, and by letter dated June 2, 1961, the personnel officer of the Medical Center again wrote the petitioner advising her that she would be separated from her said position effective at the close of business on June 5, 1961. The same nine reasons for dismissal were contained in this letter. Also contained in this letter was a provision as follows: “This action is taken in alternative in case the prior action of removal should prove invalid.” No appeal was taken by petitioner to this second letter from the Medical Center.
The defendant, Confederate Memorial Medical Center filed a motion for a summary dismissal of pending appeal on the grounds that an appeal was moot inasmuch as the second letter by the Medical Center dated June 2, 1961 rendered its prior dismissal of petitioner null and void. The motion urged that the said prior dismissal was further ineffective because the dismissal by the letter of May 25, 1961 was retroactive contrary to Civil Service laws. This motion for summary dismissal of the appeal was heard on August 8, 1961 and on September 13, 1961, the Commission entered an interlocutory decree holding that the appeal was not moot and overruled defendant’s motion for dismissal. The Commission in its interlocutory opinion did not pass upon any question arising out of the June 2, 1961 letter. It further ordered the Director to fix the appeal on its merits.
The matter was then fixed for trial on the merits, at Shreveport, Louisiana, on October 10, 1961 before the full Commission. The employing authority, Confederate Memorial Medical Center, again urged consideration of its motion for dismissal of the appellant’s appeal taken from the notice of discharge on May 25, 1961. The employee, Washington, insisted that she had waived the right to the retroactive character of the notice of May 25th, and *925 urged a hearing on the merits. The Commission then proceeded to hear appellant on the merits as to discharge in the letter of May 25th. On the motion of appellant’s counsel the Commission ruled that the alleged specifications Nos. 2-3-4-5-Ó in that notice were too vague to enable appellant to meet the burden of proof imposed upon her by law. It then proceeded to hear the matter on the merits, the appellant testifying in her own behalf and the employing authority offering no contrary evidence.
At the conclusion the Commission then sustained the motion for a summary judgment on the ground that no effective relief could be granted on her appeal from the discharge by the letter of May 25, 1961, ruling the question was moot in view of the discharge in the letter of June 2nd, 1961.
From this decision the employee Katie Mae Washington has appealed to this Court.
We feel that the notice of June 2, 1961 was only an alternative notice to be used in case the prior action of removal should prove invalid. The notice of May 25th, was not recalled or voided. The employing agency did not admit its invalidity until July 19, 1961 which was after the delay for an appeal from the letter of discharge dated June 2, 1961 had expired. Appellant, Washington, was not reemployed nor did she perform any of the duties of her position after receiving the letter of May 25th.
We feel that the employing agency should have recalled the letter of May 25th and the discharge contained therein, and then issued a new letter of discharge permitting tlie employee to resume her labors in the meantime. It was certainly misleading and confusing to employee to be confronted with two letters of dismissal, each containing the same charges. The fact that the Commission had previously ruled that the question was not moot and ordered the Director to fix the appeal on its merits further led the appellant into the belief that the merits would be heard on her appeal from the letter of discharge dated May 25th. The Commission proceeded to hear the case on the merits and even ruled that certain charges in the notice of May 25th which were the same charges as contained in the notice of June 2nd were too vague to enable appellant to meet the burden of proof imposed upon her by law. The appellant testified in her own behalf and the employing agency did not offer any contrary evidence. The Commission then reversed its position and sustained the motion for a summary judgment.
We feel that under these circumstances, that the appellant was illegally denied her right of appeal. For these reasons it is ordered that the judgment of the Civil Service Commission be rejected and the matter be remanded to the Commission for decision on the merits.
Reversed and remanded.