436 So.2d 1241 (1983)
Richard WOLLERSON
v.
DEPARTMENT OF AGRICULTURE.
No. 82 CA 0590.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied September 7, 1983.
Writs Denied November 18, 1983.
*1242 C. James Gelpi, Gelpi & Willeford, New Orleans, for appellant.
Eugene P. Cicardo, Alexandria, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Richard Wollerson was dismissed from his permanent position as Agricultural Inspector I with the Louisiana Department of Agriculture and appealed this termination to the Civil Service Commission. A hearing was conducted before a referee. The Commission concluded that "the inaccuracies as to the times listed on the report would warrant no more than a reprimand" and that "the termination of an employee for having worked only six and one half hours on one day is too severe." From this decision, the Department of Agriculture (Department) appealed to us and also filed a peremptory exception of prescription, asserting that Wollerson's appeal to the Commission was untimely in that it was not filed within the 30 days required by Civil Service Rule 13.12. On the Department's motion, we remanded the case to the Commission to consider the peremptory exception. The Commission then found that the appeal was timely filed.
By letter dated September 23, 1980, and received on September 24, 1980, Wollerson was advised of his termination. As cause for removal, the Department recited a lengthy incident that occurred on September 9, 1980, while he was at Hot Wells State Resort. The letter charged him with being at Hot Wells in an intoxicated condition without having taken leave and with falsifying his daily activity report in the following respects: (1) by indicating that he had worked eight hours on September 9, 1980, when he did not and (2) by reporting that he took feed and seed samples from specified businesses at specified times on the same day when he did not. Immediately after receiving this termination letter, Wollerson asked if he could discuss the letter with the Commissioner of Agriculture. Wollerson understood that his termination was not effective until after he talked to the Commissioner. The Commissioner decided to allow him to resign. Wollerson was continued on the payroll until October 17, 1980, the effective date of his resignation.
Wollerson received a second letter of termination dated October 1, 1980. Although the Department had decided to allow him to resign, the first termination letter had already been sent to the Commission. Uncertainty as to whether or not the Commission would allow the Department to rescind the first termination letter prompted the second letter. In fact, the Commission denied the Department's request to accept a resignation in lieu of a termination. The second termination letter specified essentially the same causes for removal as the first letter.
Wollerson's daily activity work report indicated that he worked eight hours on September 9, 1980, which included seven hours sampling feed and seed and one hour doing office work. His itinerary indicated that he had worked from 8:00 a.m. until 4:30 p.m. on that date. However, Wollerson admitted that his daily activity report was incorrect to the extent that he did not visit the businesses listed at the times that he had listed. A reading of the transcript reveals inconsistencies in his testimony. For example, he first asserts that he worked eight hours on September 9, 1980, and later admits that he probably did not work eight hours.

*1243 "Q Are you testifying that you worked eight hours that day?
A Yes, sir.
Q can you explain to the hearing examiner how you got that you worked eight hours that dayif you quit at 5:30?
A Well, I don't necessarily say that I worked eight hours that day.
Q So, actually, in truth and in fact, then, you didn't work eight hours that day, isn't that so?
A That's probably right, too."
When asked why he did not put the truth on his daily work report, he answered,
"A I errored.
Q It was a mistake, right?
A More than that. (Laughter)."
The Department contends that the Commission erred in failing to dismiss the appeal on the grounds that:
I. it was not timely filed, and
II. it held that the actions of Wollerson warranted no more than a reprimand.

I.
Civil Service Rule 13.12 provides that an appeal must be filed within 30 days after the date on which the employee receives written notice of the action that is appealed. The Department argues that September 24, 1980, the date of the receipt of the first termination letter, is the date from which appellate delays began to run; therefore, the appeal postmarked October 28, 1980, was not timely filed.
Although Wollerson received the first termination letter on September 24, 1980, he understood that the termination would not be effective until after he talked to the Commissioner of Agriculture. The Commissioner decided to allow him to resign to escape termination, and Wollerson believed that he would be permitted to resign. When the Department discovered that the first termination letter had already been sent to the Commission, a second termination letter, dated October 1, 1980, was sent due to uncertainty as to whether the Commission would agree. Although Wollerson did receive the second letter, the record does not indicate when he received it. After issuance of the second letter, the Department received a resignation from Wollerson dated October 2, 1980. The resignation was to become effective on October 17, 1980, and Wollerson was continued on the payroll until that date.
On remand, the Commission determined that there was no need to take additional testimony to determine exactly when Wollerson received the second letter. He could not have received it after October 28 because a copy of the letter was attached to the notice of appeal. The Commission concluded that:
"[r]egardless of what day between October 1, 1980 and October 28, 1980 Mr. Wollerson received the October 1, 1980 letter, the notice of appeal postmarked October 28, 1980 and filed October 29, 1980 had to have been within thirty calendar days of his receipt of the October 1, 1980 letter."
We agree. The Department misled Wollerson as to the status of his removal. He believed that the first termination letter was ineffective. He remained on the payroll until October 17, 1980, which was past the effective date of termination of either letter. The appeal was timely filed. Accord Washington v. Confederate Memorial Medical Center, 147 So.2d 923 (La.App. 1st Cir.1962); Dent v. Dept. of Corrections, Etc., 413 So.2d 920 (La.App. 1st Cir.1982).

II.
The decisions of the Civil Service Commission are subject to review on any question of law or fact. La.Const. article 10, section 12. Prior to the use of referees to conduct hearings, the scope of appellate review was essentially the same as in other civil matters. Michel v. Dept. of Pub. Saf. Al. Bev. Con. Bd., 341 So.2d 1161 (La.App. 1st Cir.1976), writ refused, 343 So.2d 1078 (La.1977.) Thus, the manifest error rule as set forth in Canter v. Koehring, 283 So.2d 716 (La.1973) and in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) was applicable.
However, recent jurisprudence has held that the manifest error rule, as set *1244 forth in Canter, supra, and Arceneaux, supra, is not applicable when Civil Service Commission proceedings are conducted before a referee or hearing examiner. Recent cases have noted that:
"The great weight accorded conclusions and determinations made by the trier of fact under Canter and Arceneaux is based on the advantage derived from personal observation of the witnesses, their demeanor on the stand, and the manner in which they responded to examination. Here, the Commission enjoyed no such advantage. Under these circumstances the standard of review by an appellate court is not unlike that of judicial review in other administrative matters, that is, whether the conclusion reached by the Commission is arbitrary or capricious or manifestly wrong." Picton v. Sewerage and Water Bd., 423 So.2d 1284 (La.App. 4th Cir.1982); Marinovic v. New Orleans Police Dept., 422 So.2d 226 (La.App. 4th Cir.1982); Merchant v. Dept. of Finance, 391 So.2d 587 (La.App. 4th Cir.1980); see also McGee v. Sewerage and Water Bd., Etc., 396 So.2d 430 (La.App. 4th Cir.1981).
When hearings were conducted before a hearing examiner, courts have applied a less restrictive standard of review and have made an independent review of the record to determine whether the conclusion of the Commission was arbitrary, capricious, or manifestly wrong. Picton v. Sewerage and Water Bd., supra. Because a referee was used in the instant case, the less restrictive standard of review as pronounced in the above cited cases will be applied.
Initially, we note that the Commission's report does not indicate that a due reading and examination of the transcript of the testimony as made up before the referee has taken place. The members of the Commission must read and examine the transcript before arriving at an opinion.[1]Goudeau v. Dept. of Public Safety, Div., Etc., 349 So.2d 887 (La.App. 1st Cir.1977), writ denied, 351 So.2d 165 (La.1977); Wells v. Department of Corrections, Etc., 417 So.2d 377 (La.App. 1st Cir.1982), writ denied, 420 So.2d 983 (La.1982). Furthermore, the referee's evaluation of the testimony does not appear in the record and is unknown to us. However, because the entire record is before us, we have decided to dispose of the case instead of remanding. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
A person who has gained permanent status in the classified State service may be subject to disciplinary action if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Williams v. Department of Public Safety, Etc., 415 So.2d 543 (La.App. 1st Cir.1982). In the instant case, Wollerson admitted that he went to Hot Wells on the day in question; that he was absent from work without leave; that he falsified his work records; and that he was paid for time that he did not work. His own testimony is inconsistent, for he first asserts and then denies that he worked eight hours on the day in question.
Our independent review of the record compels us to differ with the conclusion reached by the Commission that only a reprimand was warranted. We find that the Commission erred in reinstating Wollerson with back pay, because his own admissions of wrongdoing warrant at the very minimum a 30-day suspension without pay.[2] *1245 Because the penalty imposed by the Commission does not fit the offense, we feel that a modification of the penalty is necessary. Cf. Branigham v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied, 365 So.2d 247 (La.1978).
Accordingly, it is ordered, adjudged and decreed that Richard Wollerson be suspended from his position as Agricultural Inspector I, without pay or accrual of benefits, for thirty days. All costs are taxed to Wollerson.
REVERSED AND RENDERED.
NOTES
[1] We note that La.Const. article 10, section 12, has been amended. This amendment gives the referee the power to decide cases and also provides for the decision of the referee to become the final decision of the Commission in certain cases. The amendment became effective on October 15, 1982. The hearing and decision of the Commission on the merits occurred prior to the amendment; thus, the referee in the instant case did not have decision-making powers. Therefore, the opinion should have indicated that a due reading and examination of the record had taken place.
[2] Compare Michel v. Dept. of Pub. Saf. Al. Bev. Con. Bd., 341 So.2d 1161 (La.App. 1st Cir. 1976), writ denied, 343 So.2d 1078 (La.1977), which upheld the dismissal of an employee for falsification of work reports and expense accounts. See also Civil Service Rule 14.1(j) which prohibits the making of false statements or reports with regard to employment.