551 So.2d 1348 (1988)
Larry L. JOHNSON
v.
SOUTHERN UNIVERSITY and Department of State Civil Service. (Two Cases)
Nos. 87CA1336, 87CA1337.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
On Rehearing October 11, 1989.
Writ Denied December 8, 1989.
*1349 Fernin F. Eaton, Baton Rouge, for appellant.
David G. Sanders, Asst. Atty. Gen. Louisiana Dept. of Justice, Baton Rouge, for appellee Southern University.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for appellee Dept. of State Civil Service.
Before CARTER, LANIER, and LEBLANC, JJ.
CARTER, Judge.
This is an appeal from the State Civil Service Commission. The only issues are attorney's fees and legal interest on an award of back pay. The facts are not in dispute, and we adopt the findings of fact in the decision of the Civil Service Commission Referee. A copy of the decision is attached hereto as Appendix 1.
From a decision of the Board of Review upholding the decision of the Referee, plaintiff appeals and assigns the following errors:
1. The referee failed to award reasonable attorney's fees.
2. The referee failed to award interest on the back pay installments.
3. The Department and its employees unreasonably denied Johnson access to having his appeal heard.
ASSIGNMENT OF ERROR NO. 1
(Attorney's Fees)
In Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.1983), writ denied, 441 So.2d 749 (La.1983) and Department of Health and Human Resources v. Toups, on rehearing, 451 So.2d 1126 (La.App. 1st Cir.1984), writs denied, 457 So.2d 12 (La. 1984), this court considered the constitutional validity of LSA-R.S. 42:1451 and held that this act was an unconstitutional infringement on the exclusive power granted to the Civil Service Commission under LSA-Const. art. 10, § 10(A).
The plaintiff advances no argument that would merit a reconsideration of this finding of either of the above cases. The only remaining authority for the award of attorney's fees is found in Civil Service Rule 13.35, which provides that when the Commission or a referee reverses or modifies the action taken by an appellee in a civil service appeal, the appellee may be ordered to pay an amount not to exceed five hundred dollars as attorney's fees.
Rule 13.35 gives the Referee and the Commission the authority to award attorney's fees to an appellant when an appellee's action is modified or reversed. The standard of review applied by the Commission and by the court appears to be whether the appellee acted reasonably. Cartwright v. Department of Revenue and Taxation, 460 So.2d 1066 (La.App. 1st Cir. 1984), writ denied, 463 So.2d 1320 (La. 1985); Johnson v. Department of Health and Human Resources, 458 So.2d 137 (La. App. 1st Cir.1984).
Although plaintiff did not request attorney's fees in the appeal of January 27, 1986, plaintiff did raise his request for attorney's fees prior to conclusion of the public hearing, as required by Civil Service Rule 13.35(b).[1]
The scope of review of a Civil Service Commission decision extends to both the law and the facts. LSA-Const. art. 10, § 12. The standard of review of decisions of the Commission is the same as that in any other civil case. Therefore, the findings of fact of the Commission are afforded great weight and will not be reversed unless manifestly erroneous. Johnson v. Department of Health and Human Resources, supra; Lambert v. Department of Corrections, Louisiana Correctional *1350 And Industrial School, 451 So.2d 1340 (La.App. 1st Cir.1984).
At the hearing, the Referee found that the action of the Department in refusing to docket plaintiff's appeal of January 27, 1986, was reasonable. The Commission was only privy to the letter of appeal dated January 27, 1986, and the facts set forth therein. Since the plaintiff had received his separation notice on December 17, 1985, for the Commission to properly docket a timely appeal, an appeal would have had to be postmarked or received by January 16, 1986. This, of course, was not the case as presented to the Commission.
There is no evidence in the record that the Commission was aware of Southern's "Corrected Notice" of termination, dated January 24, 1986, which, according to the jurisprudence, extended the time to take the appeal. Plaintiff did not notify the Commission that Southern had sent a "Corrected Notice" of appeal which would have extended the time for taking the appeal, making the appeal timely. The Referee found that the actions of Southern were both confusing and misleading as to the status of plaintiff's removal. For this reason, plaintiff's appeal of January 27, 1986, was considered timely. Both the actions of Southern and the Commission were reasonable under the circumstances. The reasonableness of Southern's actions is a factual determination to be made by the Commission and clearly cannot be disturbed by the reviewing court absent manifest error. Brook v. Louisiana State University, Baton Rouge Campus, 405 So.2d 1216 (La. App. 1st Cir.1981). We do not find the Commission's determination to be manifestly erroneous.
Accordingly, the denial of the award of attorney's fees is affirmed.

ASSIGNMENT OF ERROR NO. 2

(Legal Interest)
Plaintiff did not seek interest on back pay in his appeal dated January 27, 1986, although he did request legal interest in his second appeal dated February 2, 1987, under docket # 6222. Before a determination can be made as to whether plaintiff is entitled under the law to legal interest, we must first determine whether plaintiff timely requested legal interest and that determination will depend upon whether the second appeal was properly dismissed.
Plaintiff contends that the Department was estopped from dismissing plaintiff's second appeal under the doctrine of contra non valentem. Alternatively, plaintiff contends that the second appeal was an amendment to the first appeal. Plaintiff reasons that the time for amendment was interrupted by the Department's refusal to docket the first appeal.
A thorough review of the Department's letter of February 3, 1986, shows that all of the information relayed to plaintiff was relative to his attempt to appeal his separation notice of December 17, 1985. There was nothing in the Department's letter that could reasonably be interpreted as indicating to plaintiff that the Department was aware of or was referring to the January 24, 1986, "Corrected Notice" of separation. Furthermore, there is nothing in the Department's February 3, 1986, letter that would lead plaintiff to believe that he had filed a viable appeal that could be amended under Civil Service Rules.
Therefore, the Department's letter of February 3, 1986, cannot reasonably be contended to have hindered, impeded, or prevented plaintiff from asserting an appeal on the action of which he was notified by the "Corrected Notice" of January 24, 1986.
We, therefore, conclude that the doctrine of contra non valentem is inapplicable.[2] Plaintiff's right to appeal the "Corrected Notice" of January 24, 1986, ended thirty days after he received the notice.
*1351 Civil Service Rule 13.12(d) allows a plaintiff to amend or supplement an appeal within 30 days after the date on which the appellant receives written notice of the action on which the appeal is based or 30 days after the date the appellant learned of or was aware that the action complained of had occurred when no written notice is required. Plaintiff's second appeal was filed more than 30 days after the action of which he complains. It was in fact filed almost one year later. Therefore, the second appeal was properly dismissed and cannot be considered an amendment to the first appeal.
Plaintiff contends that he mistakenly believed that the Department's letter of February 3, 1986, prohibited his appeal of the "Corrected Notice." We disagree. Plaintiff has exhibited some sophistication in dealing with his termination. His well written pro se appeal includes the information that he has a law degree. An unemployment compensation suit was filed in lieu of furthering his rights to appeal. We find no error in the Referee's action in dismissing the second appeal filed by plaintiff.
An examination of all proceedings herein reveals that no request for legal interest was made in the initial appeal. Since no request was made, no legal interest can be awarded. Having reached this determination, we do not reach the presently unresolved issue as to whether legal interest runs on back pay installments and, if so, from what date the interest would run. See LSA-C.C.P. art. 1921 Southern Construction Company v. Housing Authority of City of Opelousas, 250 La. 569, 197 So.2d 628 (1967); Carr v. State Department of Health and Human Resources, 451 So.2d 1282 (La.App. 1st Cir.1984).

ASSIGNMENT OF ERROR NO. 3
We have adequately disposed of this assignment of error in our discussion of Assignment of Error No. 2. We conclude that the actions of the Department were reasonable, and we find this assignment to be without merit.

CONCLUSION
For the above reasons, the decision of the Civil Service Commission is affirmed at plaintiff's costs.
AFFIRMED.

APPENDIX 1

IN RE: Appeal of Larry Johnson (Southern University and Department of State Civil Service)

and

Appeal of Larry Johnson (Southern University)

State of Louisiana

Civil Service Commission

Docket Nos. 6222, 6308

DECISION

STATEMENT OF THE APPEALS
Appellant was employed by Southern University as a Custodial Worker III and was serving with permanent status.
By letter dated December 13, 1985, over the signature of Thurman A. Butler, System Director of Personnel and EEO Coordinator, appellant was advised that he was being separated from his position effective December 21, 1985, that the action had been recommended by Benjamin Harbor, Director of Buildings and Grounds, and that the action would become final upon approval by Dr. Joffre T. Whisenton, System President, and Dr. Wesley C. McClure, Chancellor. As cause for this action, appellant is charged with refusing to obey orders of supervisors, directing obscene and abusive language toward a supervisor, stopping work before the time specified, and loitering and loafing during work hours. The letter states that on July 2, 1985, appellant was instructed to buff Dr. McClure's office at 5:00 p.m., but that at 10:00 p.m., the assignment had not been accomplished although appellant's subordinates were standing idly by, doing nothing; that on November 20, 1985, at approximately 6:00 p.m., appellant was out of his assigned area without approval and was blocking traffic, including Mr. Harbor, at *1352 the intersection of Farm Road and Street H; that Mr. Harbor directed appellant to return to his work area; that appellant did not do so, but rather directed obscene and abusive language at Mr. Harbor; that it was necessary for the Campus Police to intervene before appellant moved his vehicle; and that although Mr. Harbor advised appellant on November 20, 1985, that his request for annual leave for November 22, 25, 26 and 27, 1985, was disapproved, appellant did not report for duty on those dates. In support of the severity of the action, the letter cites a one week suspension in February, 1983, and written warnings issued on August 14, 1984, for unauthorized absence, on October 30, 1984, for tardiness and misuse of keys, and on May 1, 1985, for unauthorized absence.
On January 28, 1986, appellant in proper person filed a request for appeal, dated and postmarked January 27, 1987. Appellant complains that on December 17, 1985, he received the December 13, 1985 letter from Mr. Butler which "ambiguously" stated that he was being separated from his employment with the University, effective December 21, 1985, denies the charges contained therein and alleges that the charges are "the product of tainted, untrue, deceitful and collusive acts" of Mr. Harbor and Mr. Butler, that Mr. Harbor and Mr. Butler are incompetent, that they practiced deceit and collusion to discredit and defame appellant and that Civil Service Rules were intentionally disregarded, resulting in a violation of appellant's due process rights. As relief, appellant seeks pay for use of his annual leave for November 22, 1985 through December 1, 1985, expungement of his record of all disciplinary actions against him since he began Civil Service employment because of "tainted and inaccurate information," the removal of Mr. Harbor and Mr. Butler, the dismissal of all charges, and reinstatement with back pay and all emoluments. [On March 20, 1987, this appeal was docketed as No. 6308, as explained below.]
By letter dated January 27, 1986, and received January 28, 1986, appellant advised the Director of the Department of State Civil Service that:
Realizing that the commission is vested with the authority to hear my case I would like to formally waive my right to be heard by the Commission, but rather I would like to have the matter heard from within the university, with the Chancellor's Office, given the authority to make a final disposition of my case.
. . . . .
Please consider this request only as a waiver from being heard by the commission and not as a waiver of any of my rights to appeal.
By letter dated February 3, 1986, Herbert L. Sumrall, Director, advised appellant that:
This will acknowledge receipt on January 28, 1986, of your letters dated January 27, 1986, in one of which you file an appeal of your termination to the State Civil Service Commission and in the other you ask that you be allowed to waive your right to be heard by the State Civil Service Commission and ask that Southern University be allowed to hear and decide your appeal.
Your appeal to the State Civil Service Commission was not timely filed. Civil Service Rule 13.12 specifies that to be effective, an appeal must be filed or postmarked within 30 calendar days following the day you received your letter of disciplinary action. In your appeal, you state that you received your letter of termination on December 17, 1985. Therefore, to have been timely, your appeal had to either be postmarked or received before January 16, 1986. Because your appeal was not filed timely, I am declining to docket it.
Southern University may, in its discretion, agree to provide you with a hearing, but is under no obligation to do so. Additionally, any appointing authority may request approval of the State Civil Service Commission to rescind a termination if the appointing authority believes such a request to be warranted. Civil Service Rule 15.10(c). Because your appeal to the State Civil Service Commission was not timely filed, your only recourse is to *1353 contact your appointing authority to see if he will reconsider his action.
By letter dated January 24, 1986, captioned as "CORRECTED NOTICE", over the signature of Mr. Butler, appellant was advised that he was being separated from his position effective February 2, 1986, and that the action becomes final upon approval by Drs. Whisenton and McClure. The cause stated for the action is identical to that stated in Mr. Butler's December 13, 1985 letter advising appellant of his separation effective December 21, 1985.
On February 2, 1987, counsel on behalf of appellant filed a request for appeal wherein appellant complains of his termination by letter of January 24, 1986, and the failure of the Director to docket appellant's January 27, 1986 letter as an appeal to the Commission. As bases for the appeal of his termination, appellant denies the charges and alleges that the letter of termination was dated more than a month after his last date of employment; that the letter fails to provide advance notice; that the letter failed to advise him that the action was a "termination"; that appellant was not afforded due process prior to the decision to terminate; that the action was not taken by the proper appointing authority; that the charges are stale; that the charges do not support the severity of the action; that appellant has always received satisfactory performance evaluations; that appellant was never advised of the results of his grievance; that the public service was not impaired; that the charges are not specific enough to apprise appellant of the alleged misconduct; and that the actions by Southern University are in violation of the Civil Service Article and Rules. As relief, appellant seeks to appeal the termination, back wages with legal interest, all emoluments, expungement of his record and reasonable attorney's fees. This appeal was docketed as No. 6222, with Southern University as the appellee.
On February 12, 1987, counsel for appellant filed a Request for Summary Disposition of the appeal on the grounds that appellant did not receive prospective notice of termination, that the written notice expressing cause is insufficient, and that the action was not taken by the proper appointing authority.
On March 9, 1987, Mr. Butler, on behalf of appellee, filed a Request for Summary Disposition of the appeal on the grounds that the Commission lacks jurisdiction of the subject matter and the person, inasmuch as by letter of January 27, 1986, appellant withdrew his appeal of the same date; that appellant has no legal right to appeal based upon his January 27, 1986 waiver of that right; and that the appeal is untimely under the provisions of Civil Service Rule 13.12(a)1 and 2 and (c). On March 13, 1987, counsel for appellee filed a Request for Summary Disposition of the appeal on the same grounds as stated in appellee's Request for Summary Disposition filed March 9, 1987.
By letters dated February 13, 1987, and March 10, 1987, the Referee advised the parties that the hearing of the appeal would be limited to a consideration of the Requests for Summary Disposition.
On March 19, 1987, counsel for appellant filed a Motion to Join an Indispensable Party wherein appellant advised that Mr. Sumrall, Director, and the Department of State Civil Service were alleged, in the February 2, 1987 appeal, to have violated the Article and Rules and thus the Department was made a party to the appeal. On March 24, 1987, the Referee ordered the Department of State Civil Service joined as an indispensable party appellee in Docket No. 6222.
Based upon the allegations contained in Docket No. 6222 and the Requests for Summary Disposition filed in connection therewith, on March 20, 1987, appellant's original appeal, dated January 27, 1986, was ordered docketed and consolidated for hearing, pursuant to Civil Service Rule 13.23, with Docket No. 6222. Notice of docketing of the January 27, 1986 appeal was mailed on March 23, 1987, indicating a filing date of January 28, 1987; the appeal was docketed as number 6308.
A public hearing, limited to a consideration of the Requests for Summary Disposition, was held in Baton Rouge on March 30, *1354 1987, before a Referee appointed by the Commission. Based upon the evidence presented at the hearing, arguments of counsel, post-hearing stipulations of fact and briefs filed on behalf of appellant and pursuant to Article X, Section 12(A) of the Louisiana Constitution of 1974, as amended in 1982, the Referee makes the following findings.

PRELIMINARY MATTERS
At the outset of the hearing, counsel on behalf of the Department of State Civil Service, moved to have the Department released as a party appellee inasmuch as appellant had received all the relief sought against and to which he was entitled from the Department by the retroactive docketing of his January 27, 1986 appeal (Docket No. 6308). Counsel for appellant having agreed, the Referee released the Department of State Civil Service as a party to the appeal (Docket No. 6222).
Appellant thereafter filed a Request to Proceed in Forma Pauperis. By order signed April 10, 1987, the Referee granted appellant's request.
After hearing the evidence and arguments presented regarding the Requests for Summary Disposition, the Referee asked the parties if they desired a verbal ruling on those Requests; upon the assent of the parties and for the reasons assigned in this decision, the Referee ruled that Docket No. 6222 was not filed within the delays provided in Civil Service Rule 13.12, was, therefore, untimely and should be summarily dismissed. Thereafter, inasmuch as counsel for both Southern University and appellant had advised the Referee immediately prior to the hearing that neither had received notice of the docketing of No. 6308, the Referee asked counsel whether the Requests for Summary Disposition filed in Docket No. 6222 and the evidence taken in connection therewith were to be adopted in and made a part of Docket No. 6308. Appellee responded affirmatively. Appellant responded that the Request for Summary Disposition and evidence presented were to be made applicable to No. 6308 but that further evidence would be needed and advised the Referee that he intended to file supervisory writs regarding the Referee's ex parte severing of the consolidated appeals without prior notice to the parties, the Referee's refusal to hear No. 6308 and the verbal decision that No. 6222 is untimely. The Referee assigned appellant a return date for filing writs and adjourned the hearing.
On April 2, 1987, counsel for appellant filed an Application for Review (Interlocutory Writ Request) with the Commission. By opinion dated April 13, 1987, the Commission denied the Application for Review.
On April 29, 1987, after meeting with the Referee, the parties filed written stipulations of fact and submitted the appeal (Docket No. 6308) to the Referee for decision.

STIPULATIONS OF FACT
1. Appellant worked on December 21, 1985.
2. In December 1985, the termination request dated December 13, 1985, was approved by Wesley McClure, Chancellor, and Joffre Whisenton, President. No such approval is contained in appellant's personnel files regarding the January 1986 termination.
3. Mr. Eaton, counsel for Mr. Johnson, would testify without contradiction if called as a witness, that he first spoke with Mr. Johnson on Friday, January 30, 1987, whereupon he checked Mr. Johnson's unemployment suit record from the courthouse; that upon reading the record on February 2, 1987, he immediately filed the handwritten appeal bearing Docket No. 6222, on February 2, 1987.
4. Mr. Johnson would testify without contradiction that he sought Mr. Eaton's services in conjunction with a district court hearing scheduled for February 13, 1987, on the unemployment case. Mr. Johnson fully believed that his civil service claim had prescribed when he first contacted Mr. Eaton.
5. Mr. Johnson would testify without contradiction that he received LJ-7, Mr. Sumrall's February 3, 1986 letter, shortly *1355 thereafter; that he fully believed Mr. Sumrall's statement as to the untimeliness of his January 27, 1986 appeal, and did not believe he had any further review rights.
6. Mr. Sumrall did not personally prepare LJ-7, his February 3, 1986 letter, having delegated standing authority to do so (as well as to docket appeals), to Ms. Holmes.
7. Ms. Holmes would testify without contradiction that she prepared LJ-7 in accordance with Mr. Sumrall's standing policy and prior delegation; that it was her responsibility to docket appeals pursuant to the delegation; that she intended for Mr. Johnson to believe LJ-7 and the statements contained therein.
8. Ms. Holmes would also testify without contradiction, that, pursuant to the delegation from Mr. Sumrall, she would have docketed No. 6308 with an effective date of January 28, 1986, the date of its receipt, once she became aware of facts indicating her prior decision to decline to docket was incorrect.
9. Ms. Holmes would also testify that she declined to docket LJ-6, Mr. Johnson's January 27, 1986 appeal, because based on the assertions contained in the letter of appeal, she did not think the document, LJ-6, was timely, and thus did not think it constituted an "effective" appeal, pursuant to Rule 13.12, required to be docketed pursuant to Civil Service Rule 13.13.
10. Mr. Johnson would testify without contradiction that he initially did believe he had been terminated as of December 21, 1985; that upon his receipt on or about January 13, 1986 of LJ-2, the University's January 8, 1986 letter, he was confused as to his status; that he had not yet received LJ-4, the January 24, 1986 `corrected notice' of termination until on or about January 30, 1986.
11. Mr. Johnson would testify that he contacted Chancellor McClure between December 17 and December 21, 1985, to request a hearing on the recommended termination, and that Chancellor McClure informed Mr. Johnson that Chancellor McClure would discuss the matter with Mr. Johnson after the Christmas holidays, which began on or about December 21, 1985; and that Chancellor McClure and Mr. Johnson did meet, but not until after the February 2, 1986, effective date of termination.

FINDINGS OF FACT
1. A letter signed by Mr. Butler, dated December 3, 1985, was mailed to appellant at the address appearing in his personnel file; the letter advised appellant that his termination had been recommended and the reasons for the recommendation and that he had until December 10, 1985, to provide his response to the allegations.
The letter was returned to the Southern University Personnel Department as "unclaimed" on or before December 10, 1985.
2. On December 10, 1985, a copy of the December 3, 1985 letter, with the typed insertion "SECOND REQUEST December 10, 1985," was handed to appellant in the Personnel Department. A copy of the December 3, 1985 letter was also mailed to the address furnished by appellant to the Personnel Department on December 10, 1985.
3. A letter dated December 13, 1985, over the signature of Mr. Butler, notifying appellant that he was being terminated effective December 21, 1985, was furnished to appellant by certified mail.
4. A "Termination Request" form, dated December 13, 1985, bearing appellant's name and the reasons for termination, was signed by Chancellor McClure and President Whisenton on December 16, 1985. No evidence was presented to establish that appellant was notified of the approval of the action.
5. The termination was reported to the Department of State Civil Service on a Standard Form 1 (SF-1) signed by Mr. Butler on December 18, 1985.
6. By letter dated January 8, 1986, captioned "Third Request", Mr. Butler advised appellant that three copies of the December 3, 1985 letter had been furnished to appellant, that appellant had responded to his termination notice but had not responded to *1356 any one of the three copies of the pretermination notice, and that "[t]herefore, if you [appellant] have not responded to the pretermination notice attached, which is the third (3rd) notice, within five (5) days from receipt of this letter, this issue is moot."
7. By letter dated January 27, 1986, received by the Department of State Civil Service on January 28, 1986, appellant requested an appeal of his termination and stated that he received the December 13, 1985 notice of termination by mail on December 17, 1985.
8. By letter dated January 24, 1986, captioned "Subject: Termination of Your Employment," Mr. Butler advised appellant that because he had not responded to any of the pretermination notices furnished to him by January 24, 1986, the termination was final. Enclosed with this letter was the "CORRECTED NOTICE" of termination, dated January 24, 1986, with an effective date for the action of February 2, 1986, stated therein.
9. The Department of State Civil Service was furnished a second SF-1, signed by Mr. Butler on January 28, 1986, reporting appellant's removal effective February 2, 1986. This document was received by the Department on January 31, 1986, and recorded on February 6, 1986. The original SF-1 reporting appellant's removal effective December 21, 1985, was marked "cancelled."
10. Appellant did not return to work subsequent to December 21, 1985, nor did he receive pay subsequent to that date.
11. No evidence was presented to indicate that the University sought the approval of the Commission to rescind the December 21, 1985 termination.

CONCLUSIONS OF LAW

Docket No. 6222
Civil Service Rule 13.12 provides:
13.12 Delay for Making Appeal.
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
(b) Legal holidays and days on which the office of the Department of State Civil Service is closed shall not serve to extend the delay period specified in Sub-section (a) hereof.
(c) No appeal shall lie against any action following the expiration of three hundred sixty-five (365) calendar days from the date on which it occurred.
(d) No appeal shall be supplemented or amended following the expiration of the delay period stipulated by Sub-section (a) hereof.
(e) Proof of the timeliness of mailing a request for appeal shall be shown only by a legible official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. In the event that the postmark is absent or illegible, the date that the request is received in the Director's office shall determine whether the appeal was timely filed.
This requirement has been held to be constitutional, a reasonable exercise of the Civil Service Commission's rule-making power and has been enforced by both the Commission and the courts. See Acosta v. Department of Health and Human Resources, South Louisiana Medical Center, 423 So.2d 104 (La.App. 1st Cir.1982); Paisant *1357 v. University of New Orleans, 391 So.2d 1238 (La.App. 1st Cir.1980); Sutton v. Department of Public Safety, Division of State Police, 340 So.2d 1092 (La.App. 1st Cir.1976); Gordon v. Louisiana State Department of Education, 313 So.2d 605 (La. App. 1st Cir.1975).
Appellant herein received the January 24, 1986 "CORRECTED NOTICE" of termination on January 30, 1986. In order to perfect an appeal to the Commission under the provisions of Civil Service Rule 13.12(a)1, the appeal must have been received in the office of the Director or mailed with a legible United States postmark not later than March 1, 1986. The appeal hand-delivered to the Appeals Section and filed by counsel for appellant on February 2, 1987, is patently untimely under the provisions of Civil Service Rule 13.12(a)1.
Counsel for appellant has argued that the February 3, 1986 letter from the Director advising appellant that the Director was declining to docket the request for appeal filed January 28, 1986, interrupted the delays for filing an appeal of the "CORRECTED NOTICE" of termination which appellant received on January 30, 1986 and/or interrupted the delay for amending the request for appeal filed January 28, 1986; that the interruption continued until counsel, upon reading the record of appellant's unemployment suit on February 2, 1987, filed the handwritten appeal docketed as Number 6222; and that the equitable doctrine "contra non valentem agere praescriptio non currit lex" should be applied in this instance.
Initially, the Referee notes that the Director's February 3, 1986 letter to appellant acknowledges both the January 27, 1986 letter in which appellant filed an appeal of his termination and the January 27, 1986 letter in which appellant asked to waive his right to be heard by the Commission in order to allow Southern University to hear and decide his case. In declining to docket the appeal dated January 27, 1986, the Director advises appellant of the delay provided in Civil Service Rule 13.12, calculates the delay based upon appellant's statement that he received the notice of termination on December 17, 1985, and declines to docket the appeal as untimely filed. In responding to appellant's January 27, 1986 request to waive his right to be heard by the Commission, the Director advises appellant that the University might give appellant a hearing, that the appointing authority could request approval to rescind the termination if such were warranted and that appellant's recourse was to see if the appointing authority would reconsider the action. The Referee is unable to find that the Director's letter contains anything which can reasonably be interpreted as indicating to appellant that the Director was aware of or was referring to the January 24, 1986 "CORRECTED NOTICE" of termination, or as a determination of appellant's right to appeal to the Commission regarding any issue, matter or disciplinary action other than the termination of which he was notified by letter dated December 13, 1985, and which was to have been effective December 21, 1985. The Referee is unable to find anything in the Director's letter that could reasonably be interpreted to lead appellant to believe that he had filed an effective appeal which could be amended or supplemented within the delay provided in Civil Service Rule 13.12(d). The Referee is unable to find anything in the Director's letter which can reasonably be interpreted as having hindered, impeded, or prevented appellant from asserting an appeal of the action of which he was notified by the "CORRECTED NOTICE" of January 24, 1986. Therefore, the Referee concludes that the argument of appellant, to the effect that Docket No. 6222 is not untimely because the Director's February 3, 1986 letter interrupted the delay for filing, is without merit.
Accordingly, this appeal is summarily dismissed.

Docket No. 6308

TIMELINESS
The evidence presented at the hearing establishes that although appellant received the December 13, 1985 notice of termination on December 17, 1985, the letter advised him that the action was pending the approval of the Chancellor and the System *1358 President; that although the letter stated that the action would be effective December 21, 1985, the Chancellor agreed to discuss appellant's request for a hearing on the recommended action after the Christmas holidays and, by letter dated January 8, 1986, Mr. Butler advised appellant that he could still respond to the "Pretermination notice" attached to that letter; that on January 24, 1986, Mr. Butler advised appellant that the termination was final but Mr. Butler attached a "CORRECTED NOTICE" of termination stating a different effective date for the action and stating that this action would become final upon approval of the Chancellor and the System President. The Referee finds that the actions of both Mr. Butler and Dr. McClure can reasonably be interpreted as confusing and misleading as to the status of appellant's removal. See Wollerson v. Department of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.1983); Dent v. Department of Corrections, Louisiana Correctional Institute for Women, 413 So.2d 920 (La.App. 1st Cir.1982); Washington v. Confederate Memorial Medical Center, 147 So.2d 923 (La.App. 1st Cir.1962).
In Dent and Washington, each appellant filed an appeal within thirty calendar days after the date of receipt of written notice of termination; subsequently, each appellant received a second notice of termination stating a different effective date for the action; neither appellant filed a second appeal. In Wollerson, appellant did not appeal to the Commission upon receipt of the initial notice of termination but rather sought to discuss the action with his appointing authority prior to the effective date of that action; the appointing authority agreed to allow appellant to resign in lieu of termination; the appointing authority thereafter issued a second notice of termination; appellant filed an appeal to the Commission within thirty calendar days after receipt of the second notice of termination.
The circumstances surrounding this appellant's termination and appeal do not fall directly under the guidelines provided by either Dent and Washington or Wollerson. The instant appeal was not filed within thirty calendar days after receipt of the December 13, 1985 notice of termination, as required under Civil Service Rule 13.12(a)1, and, therefore, absent the confusion created by and misleading nature of the communications to appellant by Mr. Butler and Dr. McClure, the appeal filed January 28, 1986, would be summarily dismissed as untimely. However, considering the communications from Mr. Butler and Dr. McClure between December 17, 1985 and January 13, 1986, the date on which appellant received Mr. Butler's January 8, 1986 "Third Request" for a response to the "Pretermination notice", the Referee finds that appellee committed acts which tended to hinder, impede or prevent appellant from having actual knowledge that he had in fact been terminated effective December 21, 1985, and from exercising his right of appeal to the Commission within the delay provided in Civil Service Rule 13.12(a)1. Therefore, the Referee concludes that the appeal filed January 28, 1986 constitutes a timely appeal of appellant's termination.

APPOINTING AUTHORITY
When challenged, appellee has the burden of proving proper appointing authority. Appeal of Betty D. Quiet, Docket No. 3231, filed June 22, 1981; Appeal of Timothy Philson, Docket No. 3855, filed October 14, 1983; Appeal of William King, Docket No. 3826, filed November 18, 1983; Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir.1974); Dubois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir. 1984).
Civil Service Rule 1.4 defines appointing authority as "the agency, department, board, or commission, and the officers and employees thereof, authorized by statute or by lawfully delegated authority to make appointments to positions in the state service."
Appellee herein contends that Mr. Butler is the proper appointing authority in this matter; in support of the contention, appellee offered copies of a letter dated February 17, 1975, over the signature of Jesse N. *1359 Stone, Jr., President, to Harold Forbes, former Director of the Department of State Civil Service, and a letter dated February 24, 1986, over the signature of Joffre T. Whisenton, President, to Herbert Sumrall, Director, and the testimony of Linda Pattan, Executive Assistant to the System Director of Personnel (Mr. Butler). The letters from Dr. Stone and Dr. Whisenton advise the Director that Mr. Butler has been delegated appointing authority; neither letter is an authentic act delegating authority to Mr. Butler [see Civil Service Rule 13.19(t) ], nor was the author of either letter present at the hearing to identify the document or establish the truth of the contents thereof. Ms. Pattan testified, based upon her experience in the Personnel Office, that Mr. Butler hires classified employees of the University but that as to disciplinary action, Mr. Butler "takes" the action and "it becomes final" when approved by the System President and the Chancellor. The Referee concludes that appellee has failed to establish that Mr. Butler was lawfully delegated authority to terminate appellant.
The evidence establishes that both the Chancellor and the System President received the Termination Request form, dated December 13, 1985, containing the reasons for the proposed action and that on December 16, 1985, both officers signed the form approving the termination of appellant effective December 21, 1985. The December 13, 1985 letter, as well as the January 24, 1986 "CORRECTED NOTICE", from Mr. Butler specified that such approval was required before the action could be considered "final", i.e. effective; in other words, it appears that Mr. Butler's letter was furnished to appellant to provide a statement in writing giving detailed reasons for the action which was to be taken, effective December 21, 1985, by the appointing authority, as signified by the approvals of Dr. McClure and Dr. Whisenton. Therefore, it is necessary to determine whether Dr. McClure and/or Dr. Whisenton had authority to terminate a permanent classified employee of the University.
La.R.S. 17:3305 B provides:
§ 3305. Employment and compensation of faculty; administrative and professional staff; and classified employees.
. . . . .
B. The head of each college and university, subject to the applicable civil service laws, rules and regulations and approval by the president or chief administrative officer of the system and the appropriate board, shall appoint and fix the salaries and duties of the classified employees needed for the operation of the college or university he heads.
The "appropriate board" is the Board of Supervisors of Southern University (La. R.S. 17:3218). There being no evidence in the record to indicate the contrary, the Referee finds that the Board has not acted to delegate its authority to approve the appointment (and, therefore, the termination) of classified employees of the University; the Referee is compelled to conclude that absent the approval of the Board, Dr. McClure lacked authority to terminate appellant, even with the approval of Dr. Whisenton.
Disciplinary action taken by someone, other than the proper appointing authority is void. Tassin v. Louisiana Wildlife and Fisheries Commission, 193 So.2d 812 (La. App. 1st Cir.1986); Bennett v. Division of Administration, supra; Miller v. State Department of Health, 135 So.2d 570 (La. App. 1st Cir.1961); Dubois v. Department of Health and Human Resources, supra; Caston v. Executive Department, Division of State Buildings and Grounds, 331 So.2d 864 (La.App. 1st Cir.1976). Inasmuch as, appellant's termination was not taken by the proper appointing authority, as established by statute, the Referee concludes that the action reported as effective December 21, 1985, and the subsequent action reported as effective February 2, 1986, are void. Additionally, the Referee notes that without approval of the Commission as required by Civil Service Rule 15.10(c), the appointing authority had no authority to cancel or rescind the original "termination" of this appellant, reported to *1360 the Department of State Civil Service as effective December 21, 1985.

ORDER
For the foregoing reasons, this appeal is granted. The Referee pretermits all other grounds for Summary Disposition raised by appellant and appellee. Appellant is to be reinstated to his position effective December 21, 1985, and is to receive back pay from that date until he is returned to duty, subject to an offset in favor of appellee for all wages earned and unemployment compensation benefits received during that period. Appellant did not seek interest on back pay in his request for appeal, filed January 28, 1986, nor is an award of interest on back pay contemplated by or specifically provided in the Civil Service Rules. (See LSA-C.C.P. art. 1921). The letters advising appellant of his termination are to be removed from appellant's personnel records. The Referee, having reversed the action at issue herein on the basis of procedural error rather than on the merits, does not find the action to have been unreasonable; therefore, no attorney's fees are awarded.
 s/ Bernice R. Pellegrin
 Bernice R. Pellegrin
 Civil Service Commission Referee
Before CARTER, LANIER and LEBLANC, JJ.
CARTER, Judge.

ON REHEARING
On original hearing, we declined to award plaintiff legal interest or attorney's fees. 551 So.2d 1348. Plaintiff applied for a rehearing requesting that we grant legal interest on the back wages from due date until paid, citing LSA-C.C.P. art. 1921 and Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2nd Cir.1987), writs denied, 515 So.2d 447, 451 (La.1987). In his application for rehearing, plaintiff also requested attorney's fees. We granted plaintiff's request for a rehearing to readdress these issues.

INTEREST
LSA-C.C.P. art. 1921 provides:
The court shall award interest in the judgment as prayed for or as provided by law.
In Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir. 1984), this court noted that for certain types of claims, a court may only award legal interest in the judgment as it is prayed for. See also Toth v. Ensco Environmental Services, Inc., 546 So.2d 188 (La.App. 1st Cir.1989); Sharp v. Daigre, 545 So.2d 1063 (La.App. 1st Cir.1989).[1]
*1361 In the instant case, plaintiff did not pray for interest on back wages in his appeal under Docket No. 6308, dated January 27, 1986. Although his second appeal, dated February 2, 1987, under Docket No. 6222, prayed for interest, it was not timely filed under Civil Service Rule 13.12(a)(1). Plaintiff contends that, even though his appeal under Docket No. 6222 was not timely filed, the second appeal constitutes an amendment to the first appeal, citing Rocque v. Department of Health and Human Resources, Office of Secretary, 505 So.2d 726 (La.1987).
We disagree. In Rocque v. Department of Health and Human Resources, Office of Secretary, supra, the Louisiana Supreme Court, in reversing the court of appeal and reinstating an appeal before the Civil Service Commission, stated:
We find that Rule 13.11(d), in conjunction with the rest of the rules regulating appeals to the State Civil Service Commission, is unreasonable and imposes an unduly onerous responsibility on appellants. As stated in Shelton v. Southeastern Louisiana University, 431 So.2d 437, 439 (La.App. 1st Cir.1983),
the function of rule 13.11(d) is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues.
It is clear that Rule 13.11(d) serves a valid function. However, in conjunction with Rules 13.14(a)(3) and 13.14(a)(6), which require summary dismissal where the notice of appeal does not comply with Rule 13.11(d), and with Rule 13.12(d), which does not permit supplementation or amendment of an appeal beyond the thirty-day period for filing a notice of appeal, Rule 13.11(d) acts as a trap for the unwary appellant who does not learn of the insufficiency of his appeal under the rule until the time for remedying any deficiencies has already elapsed. While we are without authority to enact rules for the Commission, we suggest that the function of Rule 13.11(d) could be served in a way less burdensome to appellants by, for example, permitting supplementation or amendment of appeals beyond the current thirty-day period, and by amending Rule 13.11(d) so as to specify exactly what constitutes "a clear and concise statement of the basis of the appeal." However, as stated, it is not for this court to enact remedial rules for the Civil Service Commission. Accordingly, we merely conclude that the present scheme of appeal to the State Civil Service Commission is unreasonable and unduly burdensome on appellants. [505 So.2d at 728] (footnote omitted)
The instant case does not involve the summary dismissal of an appeal where the notice of appeal fails to comply with Civil Service Rule 13.11(d), coupled with the prohibition of supplementation or amendment of an appeal beyond the thirty-day period for filing an appeal as provided in Civil Service Rule 13.12(d). Rather, the only pertinent inquiry is whether plaintiff's second appeal, praying for interest on back wages, was filed within a reasonable time so as to constitute an amendment to the first appeal.
We find it was not. Plaintiff did not file his second appeal until more than one year after his first appeal was timely instituted. We find under the circumstances of this case, the second appeal was not brought within a reasonable time so as to constitute an amendment to the first appeal.
Therefore, having determined that the second appeal did not constitute an amendment to the first appeal and that no request for interest on back wages was made in the first appeal, we find that, under the law, plaintiff is not entitled to an award of interest on back wages.

ATTORNEY'S FEES
Civil Service Rule 13.35 provides for attorney's fees as follows:
*1362 (a) When the Commission or a referee reverses or modifies the action taken by an appellee in a Civil Service appeal or when the Commission approves a settlement of an appeal pursuant to Rule 13.31, or when the Commission approves a recision of the disciplinary action pursuant to Rule 15.10(c), the appellee may be ordered to pay an amount not to exceed five hundred dollars as attorney's fees.
(b) If a request for attorneys' fees is presented to the Commission or to a referee prior to the conclusion of the public hearing at which the appeal or the disciplinary action that is the subject thereof is considered, the Commission or a referee may allow the introduction of evidence and shall allow oral argument in support of the request for attorneys' fees. If the request for attorneys' fees is presented after the conclusion of the public hearing, neither evidence nor oral argument will be considered.
(c) No request for attorney's fees will be considered after a final decision concerning the appeal or the disciplinary action that is the subject thereof is rendered by the Commission or after a referee's decision becomes the final decision of the Commission.
Civil Service Rule 13.35(a) provides that an appellee may be ordered to pay attorney's fees. When used in a statute or, in this case, a civil service rule, the word "may" is permissive. LSA-R.S. 1:3; LSA-C.C.P. art. 5053; LSA-C.Cr.P. art. 5; LSA-C.J.P. art. 4; Citizens Bank & Trust Company v. Little Ford, Inc., 522 So.2d 1124 (La.App. 1st Cir.1988). In this context, the word "may" denotes discretion. Morial v. Guste, 365 So.2d 289 (La.App. 4th Cir.1978), writs denied, 365 So.2d 1375 (La.1978); State in the Interest of Elliott, 206 So.2d 802 (La.App. 2nd Cir.1968). Thus, under Civil Service Rule 13.35(a), the Commission has the discretionary power to award attorney's fees when it reverses or modifies an appellee's action in a civil service appeal. Smith v. Department of Health & Human Resources, Southeast Louisiana State Hospital, 461 So.2d 1243 (La.App. 1st Cir.1984), writ denied, 464 So.2d 316 (La.1985). The appellant must show an abuse of this discretion for this court to grant relief.
In the instant case, although plaintiff did not request attorney's fees in his appeal under Docket No. 6308, dated January 27, 1986, plaintiff requested attorney's fees prior to the conclusion of the public hearing, as permitted by Civil Service Rule 13.35(b). As such, plaintiff's request for attorney's fees is properly before us. The sole question is whether the Commission abused its discretion in denying attorney's fees. In addressing the issue of attorney's fees, the Commission stated:
The Referee, having reversed the action at issue herein on the basis of procedural error rather than on the merits, does not find the action to have been unreasonable; therefore, no attorney's fees are awarded.
We have carefully reviewed the entire record. We find there is no evidence in the record which indicates that this determination was an abuse of discretion. Therefore, the Commission was not required to award attorney's fees.

CONCLUSION
For the above reasons, the decision of the Civil Service Commission refusing to award legal interest and attorney's fees is affirmed. Plaintiff is cast for all costs.
AFFIRMED.
NOTES
[1] Civil Service Rule 13.35(b) provides as follows:

If a request for attorneys' fees is presented to the Commission or to a referee prior to the conclusion of the public hearing at which the appeal or the disciplinary action that is the subject thereof is considered, the Commission or a referee may allow the introduction of evidence and shall allow oral argument in support of the request for attorneys' fees. If the request for attorneys' fees is presented after the conclusion of the public hearing, neither evidence nor oral argument will be considered.
[2] The doctrine of contra non valentem interrupts a prescriptive period; therefore, appellant's argument assumes that the time period in question is prescriptive. However, a very strong argument can be made that this time period is one of peremption. See LSA-C.C. art. 3458 and the authorities cited in Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir.1986). If this is a peremptive period, it cannot be interrupted and contra non valentem does not apply. LSA-C.C. art. 3461. Because of our holding in this case, we do not reach this issue.
[1] We are cognizant of the holding of our Brethren of the Second Circuit Court of Appeal in Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2nd Cir.1987), writs denied, 515 So.2d 447, 451 (La.1987), which stated:

The object of pleadings is to give fair notice to the defendant of the plaintiff's claim and the relief he seeks. Paxton v. Ballard [289 So.2d 85 (La.1974)], supra; Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App. 2d Cir.1975). The code articles and statutes providing for legal interest themselves provide fair notice that legal interest is due on sums sued for. Certainly every plaintiff seeks legal interest as provided by law and every defendant is aware of that even though by oversight a specific prayer for legal interest is not made. This is illustrated by the present case where no one objected to the inclusion of legal interest in the judgment until someone noticed after the appeals were taken that the plaintiff had not specifically prayed for interest.
Recognizing that we depart from a long line of cases to the contrary, we adhere to our holding in Mathews [v. Mathews, 415 So.2d 234 (La.App. 2nd Cir.1982) ] which we believe to be consistent with the code articles and the more recent cases dealing with pleading requirements. A judgment may and should include an award of legal interest on the principal amount of the judgment where legal interest is provided by code article or statute even though legal interest was not prayed for.
Former LSA-C.C. Art. 1938 (applicable to this case filed in 1982; see present LSA-C.C. Art. 2000) provides for legal interest on debts from the time they become due and LSA-C.C. Art. 2924 provides for legal (judicial) interest on all sums which are the object of a judicial demand. Thus legal interest on the sum demanded and awarded in this case is provided by law. The judgment correctly awarded legal interest as provided by law even though the plaintiff had not specifically prayed therefor. [513 So.2d at 872].
See also Security Home Mortgage Corporation v. Bogues, 519 So.2d 307 (La.App. 2nd Cir.1988). However, we are constrained by law to follow previous decisions of our own circuit.