1 .CARTER, C.J.
This appeal challenges a decision of the Civil Service Commission (the Commission) that denied an employee’s requests for expungement of a disciplinary action from her personnel file and for attorney’s fees.
FACTS AND PROCEDURAL HISTORY
Amy Price is a permanent-status civil service employee with the Department of Public Safety and Corrections, who works at Avoyelles Correctional Center (ACC) as a registered nurse. By a letter dated *614 December 16, 1998, Price was charged with verbally abusing an inmate, making false statements, and exercising poor nursing judgment.[1] Price was further informed that her pay would be reduced for a specified period of time and that a copy of the letter would be placed in her personnel file.
Price appealed to the Commission. After a hearing, the Referee granted the appeal, reversed the reduction in pay, and ordered back pay with interest, but denied Price’s request for attorney’s fees. The Referee did not address Price’s request that her personnel file be expunged of all references to the disciplinary action. Price timely filed an application for review with the Commission, alleging the Referee erred in failing to grant expungement and in denying her request for attorney’s fees. Nearly one year later, the Commission summarily denied Price’s application for review. This appeal followed.
^ATTORNEY’S FEES
Civil Service Rule 18.35 grants the Referee and the Commission the discretionary power to award attorney’s fees to an appellant when an appellee’s action is modified or reversed. The appellant must show an abuse of this discretion for this court to grant relief. Johnson v. Southern University, 551 So.2d 1348, 1362 (La.App. 1 Cir.) (on rehearing), writ denied, 553 So.2d 475 (La.1989).
The Referee found that ACC did not produce evidence sufficient to prove the charges against Price by a preponderance of the evidence and reversed ACC’s disciplinary action. However, the Referee denied Price’s request for attorney’s fees, finding that ACC did have evidence to support the charges and did not act unreasonably in disciplining her.
The Referee’s findings of fact are not disputed. The disciplinary action arose from an incident in which Price denied an inmate a wheelchair based on her belief that the inmate’s limited duty status had expired. The Referee found that the doctor who evaluated the inmate prior to the “incident” had apparently forgotten to complete a duty status slip. The Referee rejected ACC’s assertion that Price should have personally reviewed the inmate’s record and doctor’s notes before making a decision regarding the wheelchair. The Referee concluded that Price made the correct decision based on ACC policy, the information she was given, and her personal observations. Thus, she did not exercise poor nursing judgment in denying the inmate the wheelchair.
|4The remaining grounds for discipline expressed by ACC concern Price’s alleged verbal abuse of the same inmate. The Referee outlined the evidence presented by ACC to establish that such abuse occurred, which consisted of statements by the inmate and two other nurses. In her analysis, the Referee found that the inmate’s account “cannot be accurate.” The Referee also rejected both nurses’ statements, noting that the statements of the inmate and the two nurses did not corroborate each other and further that ACC “did not produce a single witness to corroborate either [nurse’s] testimony.” The Referee then concluded that ACC “fell short of proving, by a preponderance of the evidence,” the charge of verbal abuse. The Referee then made a correlative finding that ACC did not prove that Price made a false statement when she denied the incident of verbal abuse.
*615 Based on the Referee’s analysis, the evidence ACC presented in support of the charges included the statement of the inmate, the statement of two nurses, the false statement allegedly made by Price that she was not involved in an incident with the inmate, and evidence regarding the procedure Price followed when she denied the inmate the wheelchair. The Referee, however, discounted the statements of the inmate and nurses and found that Price followed ACC policy in denying the inmate the wheelchair. Considering this analysis and the Referee’s ultimate findings, which are unchallenged, we disagree with the Referee’s conclusion that ACC acted reasonably in taking disciplinary action. Accordingly, the Referee abused her discretion in denying Price’s request for attorney’s fees. For this reason, the Commission’s decision, with regard to attorney’s fees, is reversed.
| ¡¡EXPUNGEMENT
The Referee did not order that references to the disciplinary action be stricken from Price’s personnel file. We find this to be error. Permanent-status civil service employees may only be disciplined for cause expressed in writing. La. Const, art. X, § 8(A). The Referee determined that sufficient cause did not exist for disciplinary action. Allowing documentation concerning the disciplinary action to remain a part of Price’s personnel file effectively subjects her to disciplinary action without the required legal cause. This is particularly true of the December 16, 1998 letter detailing the allegations that the Referee found were not supported by a preponderance of the evidence. Accordingly, we amend the Commission’s decision to order that all documents concerning the disciplinary action at issue be removed from Price’s personnel file.
CONCLUSION
For the foregoing reasons, the decision of the State Civil Service Commission is amended to order the Department of Public Safety and Corrections, Avoyelles Correctional Center, to remove all documents concerning this disciplinary action from Price’s personnel file. The decision is reversed insofar as it denied Price’s request for attorney’s fees. This matter is remanded for a contradictory hearing to determine the amount of attorney’s fees owed to Price. Costs of this appeal in the amount of $117.00 are assessed to the Department of Public Safety and Corrections, Avoyelles Correctional Center.
AMENDED IN PART; REVERSED IN PART AND REMANDED.
GUIDRY, J., concurs in the result.

. The record also refers to, but does not contain, a revised letter dated December 22, 1998.